1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOY WRIGHT,

            Plaintiff,

   v.

UNITED AIRLINES, INC.,

            Defendant.

Case No. 20-cv-01079-EMC

**ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS**

      The Court's proposed jury instructions are reproduced below.  The Court intends to give these instructions subject to modifications based on evidence and developments at trial.  Any objections are due by 12:00 Noon on July 22, 2021.

      **IT IS SO ORDERED**.

Dated: July 19, 2021

_____
EDWARD M. CHEN
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**PRELIMINARY JURY INSTRUCTIONS**
**(GIVEN AT THE BEGINNING OF TRIAL)**


**JURY INSTRUCTION NO. _____ [1.3]**
**DUTY OF JURY**


Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.


*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.3 as modified.*

2

1
2

**JURY INSTRUCTION NO. ___**

**IMPLICIT/UNCONSCIOUS BIAS**

3       We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some

4  biases we are aware of, and others we might not be fully aware of, which is why they are called

5  implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-

6  wired to make unconscious decisions. We look at others and filter what they say through our own

7  personal experience and background.  Because we all do this, we often see life and evaluate

8  evidence in a way that tends to favor people who are like ourselves, or who have had life

9  experiences like our own.  We can also have biases about people like ourselves. One common

10  example is the automatic association of male with career and female with family.  Bias can affect

11  our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how

12  we make important decisions.

13       As jurors, you are being asked to make an important decision in the case.  You must one,

14  take the time you need to reflect carefully and thoughtfully about the evidence.

15       Two, think about why you are making the decision you are making and examine it for bias.

16  Reconsider your first impressions of the people and the evidence in this case.  If the people

17  involved in this case were from different backgrounds, for example, richer or poorer, more or less

18  educated, older or younger, or of a different gender, gender identity, race, religion or sexual

19  orientation, would you still view them, and the evidence, the same way?

20       Three, listen to one another.  You must carefully evaluate the evidence and resist, and help

21  each other resist, any urge to reach a verdict influenced by bias for or against any party or witness.

22  Each of you have different backgrounds and will be viewing this case in light of your own

23  insights, assumptions and biases.  Listening to different perspectives may help you to better

24  identify the possible effects these hidden biases may have on decision making.

25       And four, resist jumping to conclusions based on personal likes or dislikes, generalizations,

26  gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

27  ///

28  ///

United States District Court
Northern District of California

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

*Court Notes: The Court has independently proposed this instruction.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____ [1.5]**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The parties agree that Plaintiff was injured by another passenger's falling luggage while a passenger on an airplane and that the Defendant is liable for her injuries. The parties disagree as to the extent of the injuries Plaintiff suffered and the amount of damages to which Plaintiff is entitled from Defendant.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.5. The parties stipulated to this instruction. The Court has made modifications to the stipulated instruction using the parties' proffered statements to the Jury as a predicate.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**DEFENDANT'S LIABILITY**

The parties in this case agree that an accident occurred on board the aircraft when a piece of baggage fell out of the overhead storage bin and landed on JOY WRIGHT. That fact creates liability on UNITED AIRLINES, INC. for damages sustained by JOY WRIGHT. You are not to consider any issue concerning either party's negligence, because negligence is not an issue in this case. The only issues are what damages were caused to JOY WRIGHT by the accident and the amount of those damages to which she is entitled.

*Court Notes: [Montreal Convention Article 17(1) as modified]. Plaintiff's proposed instruction contains excessive and irrelevant language.*

1

2

**JURY INSTRUCTION NO. _____ [1.6]**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Court Notes: 9th Cir. Model Jury Instruction 1.6 as modified.  The parties stipulated to this instruction.*

**JURY INSTRUCTION NO. _____ [1.9]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I [may instruct] [have instructed] you to accept as proved.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.9.  The parties stipulated to this instruction.*

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____ [1.10]**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.10 as modified.  The parties stipulated to this instruction.*

9

1

2

**JURY INSTRUCTION NO. _____ [1.11]**

**EVIDENCE FOR LIMITED PURPOSE**

3       Some evidence may be admitted only for a limited purpose.

4       When I instruct you that an item of evidence has been admitted only for a limited purpose,

5 you must consider it only for that limited purpose and not for any other purpose.

6       [The testimony [you are about to hear] [you have just heard] may be considered only for

7 the limited purpose of [describe purpose] and not for any other purpose.]

8

9       *Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.11 as modified.  The parties*

10 *stipulated to this instruction.*

11

12

**JURY INSTRUCTION NO. _____ [1.12]**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.12.  The parties stipulated to this instruction.  The Court has added the example (also from the Model Civil Jury Instructions) as it may be helpful to the jury.*

**JURY INSTRUCTION NO. _____ [1.13]**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.13.  The parties stipulated to this instruction.*

**JURY INSTRUCTION NO. _____ [1.14]**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

///

///

United States District Court
Northern District of California

1   The weight of the evidence as to a fact does not necessarily depend on the number of

2   witnesses who testify.  What is important is how believable the witnesses were, and how much

3   weight you think their testimony deserves.

5   *Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.14 as modified.*

**JURY INSTRUCTION NO. _____ [1.15]**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal

United States District Court
Northern District of California

1   instruction you properly may consider to return a verdict: do not

2   read, watch or listen to any news or media accounts or commentary

3   about the case or anything to do with it, although I have no

4   information that there will be news reports about this case; do not do

5   any research, such as consulting dictionaries, searching the Internet,

6   or using other reference materials; and do not make any

7   investigation or in any other way try to learn about the case on your

8   own.  Do not visit or view any place discussed in this case, and do

9   not use Internet programs or other devices to search for or view any

10  place discussed during the trial.  Also, do not do any research about

11  this case, the law, or the people involved – including the parties, the

12  witnesses or the lawyers – until you have been excused as jurors.  If

13  you happen to read or hear anything touching on this case in the

14  media, turn away and report it to me as soon as possible.

15  These rules protect each party's right to have this case decided only on evidence that has

16  been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

17  accuracy of their testimony is tested through the trial process.  If you do any research or

18  investigation outside the courtroom, or gain any information through improper communications,

19  then your verdict may be influenced by inaccurate, incomplete or misleading information that has

20  not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

21  jury, and if you decide the case based on information not presented in court, you will have denied

22  the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

23  important that you follow these rules.

24  ///

25  ///

26  ///

27  ///

28  ///

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.15.  The parties stipulated to this instruction.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____ [1.17]**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.17.  The parties stipulated to this instruction.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____ [1.18]**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.18. The parties stipulated to this instruction.*

**JURY INSTRUCTION NO. _____ [1.19]**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

*Court Notes: Ninth Circuit Model Jury Instruction 1.19.  The parties stipulated to this instruction.*

**JURY INSTRUCTION NO. _____ [1.20]**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.20. The parties stipulated to this instruction.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. \_\_\_\_ [1.21]**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.21.  The parties stipulated to this instruction.*

1

2

**INSTRUCTIONS DURING TRIAL**

3

4

**JURY INSTRUCTION NO. ____ [2.2]**

**STIPULATIONS OF FACT**

5

6

The parties have agreed to certain facts (listed below).  You must therefore treat these facts as having been proved.

7

8

9

(1) Plaintiff purchased a round-trip ticket for travel to Johannesburg, South Africa on United consisting of four United flights.  The first flight was from San Francisco International Airport to Washington Dulles International Airport.

10

11

12

(2) During the United flight from San Francisco International Airport to Washington Dulles International Airport, an overhead storage bin opened and a canvas bag fell from the bin and struck Plaintiff's right side of her face, right shoulder and arm, causing immediate pain.

13

14

(3) United Flight Attendants provided Plaintiff with ice and six aspirin and other United personnel offered medical assistance upon landing at IAD.

15

16

17

(4) On January 8, 2020, Dr. Garg performed arthroscopic surgery on Plaintiff's right rotator cuff at Kaiser Hospital. On February 14, 2020, Plaintiff fell onto her right side in the parking garage at her residence.

18

19

20

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.2.  The Court has modified this instruction based on statements made in the parties' Joint Pretrial Conference Statement (page 3).*

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

23

**JURY INSTRUCTION NO. _____ [2.13]**

**EXPERT OPINION**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness [these witnesses].

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.13 as modified.  The parties stipulated to this instruction.*

1

**JURY INSTRUCTION NO. _____ [5.1-5.2]**

2

**DAMAGES**

3    It is the duty of the Court to instruct you about the measure of damages.

4    You must determine JOY WRIGHT's damages.  JOY WRIGHT has the burden of proving

5  damages by a preponderance of the evidence.  Damages means the amount of money that will

6  reasonably and fairly compensate JOY WRIGHT for any injury you find was caused by UNITED

7  AIRLINES, INC.  You should consider the following:

8

9  Noneconomic Damages:

10    The nature and extent of the injuries;

11    The disability, and loss of enjoyment of life experienced and that with reasonable

12  probability will be experienced in the future;

13    The mental, physical, emotional pain and suffering experienced and that with reasonable

14  probability will be experienced in the future;

15    The inconvenience, anxiety and humiliation experienced and that with reasonable

16  probability will be experienced in the future.

17

18  Economic Damages:

19    The reasonable value of necessary medical care, treatment, and services received to the

20  present time;

21    The reasonable value of necessary medical care, treatment, and services that with

22  reasonable probability will be required in the future;

23    The reasonable value of earnings lost up to the present time;

24    The reasonable value of earnings that with reasonable probability will be lost in the future.

25  ///

26  ///

27  ///

28  ///

United States District Court
Northern District of California

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Court Notes: Ninth Circuit Model Jury Instruction 5.1 and 5.2 as modified. The parties stipulated to this instruction.*

**JURY INSTRUCTION NO. _____ [5.3]**

**DAMAGES – MITIGATION**

WRIGHT has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

United has the burden of proving by a preponderance of the evidence:

1. that JOY WRIGHT failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

*Court Notes: Ninth Circuit Model Jury Instruction 5.3 as modified.*

*Plaintiff objects to this instruction because Defendant failed to raise mitigation of damages as an affirmative defense in its Answer.  Thus, Plaintiff contends that Defendant has waived this defense.*

*The answer raises several affirmative defenses (e.g., that Plaintiff was partially at fault under comparative negligence principles, Plaintiff's assumption of the risk), but it does not raise mitigation of damages as an affirmative defense.  See Answer to Complaint at 3-5 (Docket No. 9). Normally, the failure to raise mitigation of damages as an affirmative defense constitutes a waiver of that defense.  999 v. C.I.T. Corp., 776 F.2d 866, 870 n.2 (9th Cir. 1985).*

*However, the Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings."  Magana v. Northern Mariana Islands, 107 F.3d 1436, 1446 (9th Cir. 1997).  A defendant may raise an affirmative defense for the first time after filing a responsive pleading only if the delay does not unfairly surprise or prejudice the plaintiff. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).  Further, the Ninth Circuit has held that the affirmative defense of mitigation of damages is not waived (despite a defendant's failure to raise it in the Answer) when it is asserted in a Defendant's pretrial filings and included in the pretrial order, which has the effect of amending the pleadings.  See C.I.T. Corp., 776 F. 2d at 870 n.2 ("[Defendant] failed to raise mitigation of damages as an affirmative defense in its pleadings, which ordinarily would constitute a waiver of that defense ... [h]owever,*

1    *the issue of mitigation was included in the pre-trial order, which has the effect of amending the*

2    *pleadings"); Accent Films, B.V. v. Universal City Studios, No. 92-55286, No. 92-55343, 1994 U.S.*

3    *App. LEXIS 10349, at \*2 (9th Cir. 1994) ("a failure to raise mitigation of damages as an*

4    *affirmative defense in a pleading normally constitutes waiver of that defense … [h]owever,*

5    *inclusion of mitigation of damages in the pretrial order has the effect of amending the*

6    *pleadings"). See also First Card v. Hunt (In re Hunt), 238 F.3d 1098, 1101-02 (9th Cir. 2001)*

7    *(holding that Defendant had not waived his right to request attorney's fees by omitting this request*

8    *from his Answer, because Defendant "requested attorney's fees in his pretrial conference*

9    *statement, and that request was incorporated by reference in the bankruptcy court's pretrial*

10   *order").*

11        *Defendant plans to present evidence that Plaintiff's injuries were exacerbated by her*

12   *decision to discontinue wearing a sling about a week after her surgery, against the*

13   *recommendations of her physical therapist. United's Trial Brief at 2. Defendant's sole witness on*

14   *this point, Dr. Schrumpf, will testify that Plaintiff's poor compliance with her sling was one of the*

15   *factors that contributed to her poor postoperative results. Id. at 2-3. Dr. Schrumpf completed his*

16   *independent medical examination of Plaintiff on October 29, 2020. See Joint CMC Stmt. at 4*

17   *(Docket No. 34). Defendants submitted an expert report from Dr. Schrumpf as a trial exhibit. See*

18   *Joint Exhibit List, Docket No. 43-2 (Appendix B). Copies of Dr. Schrumpf's reports were*

19   *previously served on all parties. See Joint Witness List, Docket No. 43-1 (Appendix A).*

20        *On February 4, 2021, the parties stated that they were in the process of scheduling the*

21   *deposition of designated experts. See id. On March 3, 2021, the parties stipulated to an extension*

22   *of the expert discovery deadline in order to schedule the depositions of all experts in the instant*

23   *case, and the Court granted the stipulation to extend the deadline from March 4, 2021 to April 30,*

24   *2021. See Docket Nos. 37 and 38.*

25        *Thus, Plaintiff has had an opportunity to review the independent medical evaluation of Dr.*

26   *Schrumpf, which asserts, inter alia, that Plaintiff's injuries were exacerbated by her poor*

27   *compliance with her postoperative sling wear. Plaintiff has deposed Dr. Schrumpf and has had an*

28   *opportunity to prepare a rebuttal to his testimony at trial, and to prepare for a cross-examination*

United States District Court
Northern District of California

*of Dr. Schrumpf on the witness stand.  Because Plaintiff has been provided with notice that Defendant will raise the defense of failure to mitigate damages, Plaintiff cannot claim that she will be unfairly prejudiced by instructing the jury on this issue.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____ [4.1]**

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation, partnership, or public entity is entitled to the same fair and conscientious consideration by you as any party.

*Court Notes: Ninth Circuit Model Jury Instruction 4.1 as modified.  The parties stipulated to this instruction.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____ [4.2]**

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

*Court Notes: Ninth Circuit Model Jury Instruction 4.2.  The parties stipulated to this instruction.*

United States District Court
Northern District of California

31

**FINAL JURY INSTRUCTIONS**

**(GIVEN AT THE END OF THE CASE)**

**JURY INSTRUCTION NO. ____**

**DUTY OF JURY**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. _____ [3.1]**

2

**DUTY TO DELIBERATE**

3       When you begin your deliberations, elect one member of the jury as your foreperson who

4   will preside over the deliberations and speak for you here in court.

5       You will then discuss the case with your fellow jurors to reach agreement if you can do so.

6   Your verdict, whether for the plaintiff or defendant, must be unanimous.

7       Each of you must decide the case for yourself, but you should do so only after you have

8   considered all the evidence, discussed it fully with the other jurors, and listened to the views of

9   your fellow jurors.

10      Do not be afraid to change your opinion if the discussion persuades you that you should.

11  But do not come to a decision simply because other jurors think it is right.

12      It is important that you attempt to reach a unanimous verdict but, of course, only if each of

13  you can do so after having made your own conscientious decision.  Do not change an honest belief

14  about the weight and effect of the evidence simply to reach a verdict.

15      Perform these duties fairly and impartially.  Do not allow personal likes or dislikes,

16  sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence

17  you.  You should also not be influenced by any person's race, color, religion, national ancestry, or

18  gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position

19  in life or in the community.

20      Do not be afraid to examine any assumptions you or other jurors have made which are not

21  based on the evidence presented at trial.  Please do not take anything I may say or do during the

22  trial as indicating what I think of the evidence or what your verdict should be – that is entirely up

23  to you.

24  ///

25  ///

26  ///

27  ///

28  ///

United States District Court
Northern District of California

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.1 as modified.*

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. _____ [3.2]**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about

this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.2.  The parties stipulated to this instruction.*

1

2

**JURY INSTRUCTION NO. _____ [3.3]**

**COMMUNICATION WITH COURT**

3

4

5

6

7

8

9

10

11

        If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

12

13

14

        *Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.3.  The parties stipulated to this instruction.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____ [3.5]**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.5.  The parties stipulated to this instruction.*